## MELLON vs. CROGHAN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.
The petition in this case sets out, that the de-
fendant is justly indebted to the plaintiff in the
sum of $686, 15, the amount of a promissory
note drawn and subscribed by said defendant
in favor of the petitioner, dated New-Orleans,
January 1, 1823; payable twelve months after

Where a note
is made paya-
ble at a parti-
cular place.
payment must
be demanded
there, before
recovery can be
had of the ma-
ker.
But a failure
to demand, the
day the note
falls due, will
not discharge
him, though it

East'n District date, as will appear from a copy annexed, and
*March* 1825,
made a part of the petition, the amount whereof

MELLON
*vs.*
CROGHAN.
the said Croghan neglected to pay when amicably demanded.

may the endorser.

The place of
payment is *accidental* to the
contract, not of
the *essence* of
it.

The note annexed, corresponds with that set out, except in being made payable in the Louisiana state bank.

The defendant admits the facts alledged in the petition, but denies they establish any liability on his part to pay the note sued on.

The judge below was of opinion, that a demand at the place specified in the note, was a condition precedent to the plaintiff's right to recover, and gave judgment for the defendant. The former appealed.

The case has been submitted without argument.

This is a most controverted question, and hardly any subject has been presented to us on which a greater weight of authority is found arrayed for, and against the principle, on which the judge *a quo* decided the cause.

The following are cases to shew, that if the place of payment be embodied in the note, a presentment at the place must be averred, and shewn, to charge the maker. 14 *East*, 500. *Starkie's N. P.* 468. 16 *East*, 110. 5 *Taunton*, 30.

*ibid*, 344.  3 *Maule* & *Selwyn*, 150.  4 *Maule* & *Sel-*
*wyn*, 462.

It has, however, been decided in the cases
hereafter quoted, that a demand at the place
specified in the instrument, is not necessary to
charge the maker.  2 *Campbell*, 498.  4 *Maule* &
*Selwyn*, 150.  3 *Johnson cases*, 71.  6 *Massachusetts*,
524.  8 *ibid*, 480.  13 *ibid*, 566.  17 *Johnson*, 248.

The difference in opinion to be discovered in
these cases appears to be principally confined
to the courts of England. In our sister states the
preponderance of authority seems greatly in
favor of the position that a demand at a par-
ticular place is not necessary.

There has been a case lately decided in the
house of lords, in England, where the law on
this subject received a very full examination·
The very point now before the court was much
discussed, though the question presented for
decision was not the same. It arose there, be-
tween the indorsee, and acceptor of a bill of
exchange.  As all the judges delivered their
opinions, the case would be one entitled to
great respect as evidence of the commercial
law, were it not for the extraordinary diversity
of sentiment which it exhibits.  Indeed there

MELLON
*vs.*
CROGHAN.

are scarcely two that agree on all the points submitted to their consideration.

It is stated by several of these learned persons, that if a promissory note be made payable at a particular place; a demand at that place is a condition precedent to recovery against the maker; but that it is not absolutely necessary it should be made on the very day on which it falls due, the time only being of importance when the indorser is to be charged. 2 *Broderip and Bingham*, 165.

The judges who contest the necessity of making a demand at the place specified, and who hold that the making of a note renders the maker universally liable; in answer to this argument, declare, that they are unable to distinguish between *place* and *time*. That if the former be required, so must the latter, and hence they conclude, the holder would lose his right forever, if he did not demand payment on the very day the note fell due. The supreme court of New-York, which establishes a different rule, seem also to think, that such would be the inevitable consequence of recognizing the doctrine, that a demand at the place is a condition precedent to the right of recovery. 18 *Johnson*, 246.

If this consequence were to follow, the re-
quiring a demand at the place specified, it
would furnish a strong argument against adopt-
ing the rule; but we are unable to discover any
ground for this apprehension, and we think the
distinction on this head clear between the obli-
gation of the indorser, and the maker. By the
law merchant the contract of the former is not
absolute, but conditional. He becomes re-
sponsible only on default of the maker to pay,
and due notice being given of that default. His
engagement is *stricti juris,* and so anomalous,
that it will neither furnish analogy for ascer-
taining rights under other contracts, nor be elu-
cidated by reference to legal obligations flowing
from them. It is entirely the creature of com-
mercial usage, and was introduced for the ease
and convenience of trade; it being considered,
or supposed, that it was of great importance to
the facility of its operations, that the endorser
should have immediate notice of his liability.
By a parity of reasoning it has been held by
some, he is discharged, if demand of the maker
be made at any other place than that specified
in the instrument. That question is not pre-
sented for decision here, therefore it is impro-
per it should be now settled, but admitting he

is, what analogy does his case present, by which the obligations of the maker can be ascertained?

He, instead of coming under a conditional obligation, makes by the very terms of the instrument, an unqualified promise to pay the payee, or whomsoever he may direct. His obligations are entirely distinct from those created by the law merchant. They would be the same if that law were stricken from our code of jurisprudence, and in testing the extent of his liability, under the promise contained in the note signed by him, we do not see how it can be distinguished from an obligation, which did not contain words that made it negotiable. Indeed those who maintain this doctrine, do not place it on the ground, that it flows from any of the rules peculiar to negotiable paper.

But it appears to us that those who contend for such a rule, overlook or confound two things, entirely distinct; the substance of the contract, and the mode by which it is to be discharged. To those acquainted with the doctrines of our jurisprudence, nothing can be more familiar, than the distinction between those things which are of the *essence* of the contract, and those which are *accidental* to it. Among

the latter, says Pothier, are the liberty of paying by instalments, the allowing a certain time for the payment of money, *and the like.* On this principle, the Roman jurists considered, that the specification of a particular place for payment, was supposed to be made for the advantage of the creditor, as well as the debtor, and therefore the latter could not compel the former to receive it elsewhere. But the creditor might demand payment at any other place, making compensation to the debtor for any damage he might sustain by the change; and could enforce the contract elsewhere by a suit under this condition. *Dig. liv.* 13, *tit.* 4. *l.* 1 & 9. *Pothier on Obligations, no.* 8.

The principal reasons on which the law has been lately settled in England, that a demand is necessary at the place appointed for payment, are: first, that according to their jurisprudence, it is a condition precedent; and second, the serious inconvenience that would result from a different rule. The latter consideration appears to us entitled to great weight. It consists principally in this: that merchants who are travelling from place to place, cannot conveniently carry funds with them; that for ease and convenience they deposit their money at a

East'n. District.
*March* 1825.

MELLON
*vs.*
CROGHAN.

bankers, or merchants, where they make all their acceptances or notes payable; and that it might expose them to loss, inconvenience, and, in some instances, the ruin of their credit, if demand of payment could be made of them elsewhere. As in the case of a merchant of New-Orleans going on business to London, Paris, or New-York, who makes a note here before he sets out, payable at his domicil or his bankers. If demand be not necessary at the place designated, the bill might be sent after him, and he arrested in another country, the moment it fell due. This reason loses somewhat of its weight, when the domicil of the obligor is in the same place, where the bank is fixed at which the note is made payable, and the personal demand is made at the residence of the maker. But some general rule must be followed, for the facility of commerce, and we think, after mature reflection, that it is safer to adopt that we have just stated. It imposes no hardship on the payee; for if he choose, he may refuse an obligation in this way, and thus retain his right to demand payment wherever his debtor be found. It must be supposed such a clause is introduced for some purpose, and no other can be imagined, than that it is at the place designated,

the obligor will have funds to meet his obliga-
tion, and there the obligee will seek them. A
contrary rule would require the obligor to have
funds at two places to meet his engagement.

Deciding in this way, is in conformity with
the rules of our own law, which do not consi-
der the debtor in fault (*en mora*,) until demand
is made at the place fixed for payment. *Curia
Phil. lib.* 2, *cap.* 7, *paga. no.* 20.

The judge below gave final judgment against
the plaintiff, we think there should have been
one of nonsuit. He ought to be permitted to
yet make a demand at the bank, and if not paid
to sue the defendant, and recover the amount
due.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled avoided and reversed, and it is
further ordered, adjudged and decreed, that
there be judgment against the plaintiff as in
case of nonsuit, the appellee paying costs in this
court, and the appellant those of the court
below.

*Lockett* for the plaintiff, *Pierce* for the defen-
dant.